NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-976

BRUCE L. KIMBALL

vs.

ALISON E. PARKER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bruce L. Kimball, appeals from an order of the Superior Court allowing the motion of the defendant, Alison E. Parker, to quash the plaintiff's subpoena for the claim file prepared by the defendant's insurer, Safety Insurance Company (Safety).  At the hearing on the motion to quash, the plaintiff specified that he sought to obtain a recorded statement the defendant made to Safety following a car accident and any notes Safety prepared about the matter.  Because we conclude that the judge did not err in finding that Safety's claim file was protected by the work product doctrine, we affirm.[1]

_____

[1] We acknowledge the amicus brief submitted by Safety Insurance Company.

Background.  On June 25, 2019, the plaintiff and the defendant were involved in a car accident.  On September 2, 2019, counsel for the plaintiff informed the defendant that the plaintiff had obtained legal representation "regarding a claim for personal injuries sustained" in that accident.  The letter advised the defendant, "If we do not hear from you or your insurance representative within fifteen (15) days from the date of this letter we will file suit."

Nearly three years later, on June 15, 2022, the plaintiff filed a civil complaint in Superior Court.  The complaint alleged that, on June 25, 2019, the defendant had negligently caused personal injuries to the plaintiff by driving through a red light and crashing into the plaintiff's car.  The defendant answered the complaint, denying liability for the automobile accident.  Less than a month after the answer was filed, the plaintiff served Safety, the insurer of the defendant's vehicle, with a subpoena for "[a] complete copy of any and all claim files and/or personal injury files" pertaining to the accident.  Counsel for the defendant responded by informing the plaintiff's attorney that the subpoena sought "information protected by the work product doctrine and/or materials prepared in anticipation of litigation."

The defendant filed a motion to quash the plaintiff's subpoena pursuant to Mass. R. Civ. P. 26 (b) (3), 365 Mass. 772

(1974).  At the hearing on the motion to quash, the plaintiff's counsel specified that he sought the defendant's recorded statements and Safety's claim notes.  On the same day the judge issued an order allowing the defendant's motion to quash.  The plaintiff sought interlocutory relief from a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par. The single justice issued an order on June 5, 2023, granting the plaintiff "leave . . . to file an interlocutory appeal from the May 4, 2023[] order entered in the Middlesex Superior Court."

Discussion.  The Superior Court judge ruled that the claim file was not discoverable because she found that "[l]itigation was 'threatened' on Sept. 2, 2019[,] via letter" and that Safety's claim file was "[t]herefore . . . protected by the work product doctrine."

"The work product doctrine . . . protects (1) documents and tangible things, (2) by or for another party or by or for that other party's representative (including his [or her] attorney, consultant, surety, indemnitor, insurer, or agent), and (3) in anticipation of litigation or for trial" (quotations omitted). McCarthy v. Slade Assocs., Inc., 463 Mass. 181, 194 (2012). "[A] document is within the scope of the rule if, 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared because of the prospect of litigation.'"  Commissioner

of Revenue v. Comcast Corp., 453 Mass. 293, 317 (2009), quoting United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998). The plaintiff argues that the judge erred because Safety's claim file is covered by the "ordinary course of business" exception to the work product doctrine and is therefore discoverable. See Attorney Gen. v. Facebook, Inc., 487 Mass. 109, 127 (2021), quoting Comcast Corp., 453 Mass. at 318-319 ("a document that would have been prepared 'irrespective of the prospect of litigation' is not covered by the work product doctrine").

Specifically, the plaintiff argues that, because Safety is in the business of investigating insurance claims, any documents that Safety produces while investigating claims are generated in the ordinary course of Safety's business and must be discoverable. But Safety's business also anticipates litigation because many automobile accidents raise the prospect of civil lawsuits. In this case, as the judge noted, the plaintiff threatened litigation shortly after the accident took place. The defendant was on notice that the plaintiff had retained counsel and that he anticipated filing a lawsuit. Because the "prospect of litigation" was raised by the plaintiff, Comcast Corp., 453 Mass. at 317, the judge did not err in deciding that documents Safety prepared after this point constituted work product generated in anticipation of litigation and should be excluded from the plaintiff's discovery requests.

4

Even were we to conclude that the judge was wrong in quashing the plaintiff's subpoena request, the plaintiff is unable to show that his inability to access Safety's claim file caused him prejudice.  See Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 799 (1987).  The plaintiff may obtain substantially the same information that would be contained in Safety's claim file during the ordinary course of discovery.

Order dated May 4, 2023, affirmed.

By the Court (Henry, Grant & D'Angelo, JJ.[2]),

Clerk

Entered:  August 13, 2024.

---

[2] The panelists are listed in order of seniority.